[No. A030438. First Dist., Div. Four. Apr. 18, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
TONY ALFONSO JOHNSON, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

\*Certified for publication except as to parts I, II and IV (Cal. Rules of Court, rules 976(b) and 976.1).

**COUNSEL**

James W. Haworth, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Eugene Kaster and John W. Runde, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ANDERSON, P. J.**—Appellant, Tony Alfonso Johnson, was convicted by a jury of (one count each) kidnapping (Pen. Code,[1] § 207), rape (§ 261, subd. (2)), oral copulation by force (§ 288a, subd. (c)), robbery (§ 211) and false imprisonment (§ 236). Allegations that he used a deadly weapon in the commission of the offenses (§ 12022.3), inflicted great bodily harm on the victim (§ 12022.8) and suffered a prior serious felony conviction

---

[1]Unless otherwise indicated, all statutory references are to the Penal Code.

(§ 667, subd. (a)) were found to be true. He was sentenced to state prison for a term of 30 years.

Patricia L., a 47-year-old woman with three grown children, had slowed her car to almost a stop in order to make a left turn at an intersection in Pacifica. Appellant entered her car through the unlocked passenger door and forced her at knife point to drive him to San Francisco. Once in the city appellant directed Patricia to a dead end street where he forced her to kiss him and orally copulate him. He then forcibly removed her pants, had intercourse with her and afterwards took some of her money. Appellant made Patricia drive him to another part of the city where he got out of the car. She drove a few blocks and then was able to contact the police. Five days after the assaults, Patricia was diagnosed as having contracted herpes simplex II.

Appellant testified at trial that he was waiting at a bus stop when Patricia drove up and offered him a ride to San Francisco. In his version of the events he was not carrying a knife and it was Patricia who asked *him* to direct her to a quiet place in the city, where she seduced him. He theorized that Patricia invented the rape charges because before leaving the car, he told her that he had herpes. This prompted her to call him "a filthy nigger" and order him out of the car.

Appellant argues that his convictions must be reversed because (1) CALJIC[2] No. 2.21 was erroneously read to the jury and (2) the trial court wrongly refused to grant his motion to dismiss the jury on the ground that the venire was exclusionary of Black people. He also claims that there was insufficient evidence of great bodily injury to the victim to sustain the section 12022.8 enhancement, and that the trial court erred in sentencing him consecutively for the sex offenses under section 667.6, subdivision (c), by failing to adequately state its reasons for doing so.

I.-II.*

. . . . . . . . . . . . . . . . . . . . . . .

### III. *Great Bodily Injury Allegation Supported by the Record*

█  The jury found true a great bodily injury allegation (§ 12022.8) based on appellant having given his victim herpes. On appeal he appears

---

[2]All CALJIC instructions referred to are from the fourth edition (1979) unless otherwise noted.

*Parts I-II of this opinion are not certified for publication. (See fn., *ante*, at p. 1137.)

to argue that as a matter of law the transmission of a virus cannot constitute great bodily injury.

In *People* v. *Caudillo* (1978) 21 Cal.3d 562 [146 Cal.Rptr. 859, 580 P.2d 274], our Supreme Court held that forcible rape cannot, in and of itself, constitute great bodily injury. However, in discussing why it was necessary to strike down the defendant's enhanced punishment in that case, the court provided guidance as to what factors *would* support a finding of great bodily injury. (At p. 587.) Injuries that are "transitory and short-lived" do not qualify; they must result in a "serious impairment of physical condition" or a "protracted impairment of function of any portion of [the] body." (*Id.*, at pp. 588-589.)

The court in *People* v. *Sargent* (1978) 86 Cal.App.3d 148 [150 Cal.Rptr. 113], a case decided after *Caudillo,* held that *pregnancy* resulting from rape is a great bodily injury. Its reasoning was that the pregnancy was not necessarily incident to an act of rape. The injury it caused went beyond the normal psychological and emotional distress necessarily associated with rape and the major physical change it brought on in the victim constituted "a significant bodily impairment primarily affecting a woman's health and well being." (At p. 151.) Also significant in the holding was the reviewing court's lack of concern over the fact that the great bodily injury alleged was the natural result of an act of intercourse.

In *People* v. *Williams* (1981) 115 Cal.App.3d 446, 454 [171 Cal.Rptr. 401], the court upheld a finding of great bodily injury where the victim "sustained a torn hymen as a result of which blood accumulated in the vagina." In reaching its decision the court commented, "The situation here is not unlike the physical injury associated with pregnancy and *venereal disease* which result from a rape [citations]." (*Id.*, at p. 455, italics added.)

It is therefore clear that although the spreading of a virus is a risk inherent in an act of sexual intercourse, the physical symptoms resulting from such infection may form the basis of a great bodily injury enhancement pursuant to section 12022.8.

■ The only remaining question is whether or not there is substantial evidence in the record to support the jury's finding that the victim in this case suffered significant physical injury beyond that normally associated with a rape. The record reveals an abundance of evidence on this point. An expert in venereal disease control testified at trial that the herpes simplex II virus cannot be cured by known means, so that the victim would most likely carry it for the rest of her life. When active, the virus manifests itself in the form of vesicles or tiny blisters in the vaginal area. The principal

symptom is intense itching and/or pain, but various complications may arise. These include possible blindness if the virus is accidently transmitted to the eye and if it gets into the bloodstream, a potential for serious infection involving meningitis, which could result in death.

The jury in this case properly found that appellant inflicted great bodily injury on his victim by infecting her with the herpes virus.

IV. *No Need to Remand for Sentencing**

. . . . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Channell, J., and Sabraw, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 10, 1986.

---

*Part IV of this opinion is not certified for publication. (See fn., *ante,* at p. 1137.)